Daniel F. Knox, OSB #78278
Email dknox@schwabe.com
Noah Jarrett, OSB #99448
Email njarrett@schwabe.com
Schwabe, Williamson & Wyatt, P.C.
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503-222-9981
Fax 503-796-2900
    Of Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| SHANNON PHILLIPS,<br><br>                    Plaintiff,<br><br>      vs.<br><br>TIDEWATER BARGE LINES, INC., an Oregon corporation; and BARGE NO. 2, including her valves, pumps and equipment,<br><br>                    Defendants. | Civil No. CV 05 1157 ST<br>In Admiralty<br><br>MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT |

Defendants offer the following Memorandum in support of their Motion for Partial Summary Judgment.

## INTRODUCTION

Plaintiff, a tankerman, allegedly suffered a shoulder injury aboard BARGE NO. 2. He brought a variety of claims against his employer, Tidewater Terminal Co. ("TTC"), BARGE NO. 2, and the owner of the vessel, Tidewater Barge Lines ("TBL"). Plaintiff thereafter filed an amended complaint with no claims against TTC. As to TBL and BARGE No. 2, plaintiff now

Page 1 -   MEMORANDUM IN SUPPORT OF DEFENDANTS'
           MOTION FOR PARTIAL SUMMARY JUDGMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
503-222-9981

PDX/088240/144232/NJA/1375069.1

asserts claims entitled: Jones Act; Longshore Harbor Worker's Compensation Act; Unseaworthiness; General Maritime Negligence; Negligence; and Violation of Employers Liability Law. These claims must be pared down, for a variety of reasons.

Most importantly, the Jones Act and the Longshore and Harbor Worker's Compensation Act provide comprehensive, mutually exclusive compensation schemes, the claimant's eligibility for which depends on his status as seaman (Jones Act) or land-based maritime employee (LHWCA). The undisputed material facts show that plaintiff, at all times material to this case, was a longshore worker, and not a seaman. Thus, as to the remaining defendants, plaintiff is entitled to maintain **only** the claim under the Longshore and Harbor Workers' Compensation Act. Additionally, plaintiff has never been employed by TBL, so he is cannot maintain his unseaworthiness claim, or his claim under the Jones Act against TBL. Additionally, plaintiff's claim under the Oregon Employers Liability Law is untenable because that act is preempted in these circumstances. There is no genuine issue of any material fact and the Court should Order, as a matter of law, partial summary judgment dismissing Plaintiff's other claims.

## ARGUMENT

### 1. Summary Judgment Standard

Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Once the moving party points out the absence of any genuine issue of material fact, the burden of production "shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried." *Petersen v. Cazemier*, 164 F. Supp. 2d 1217, 1221-1222 (D. Or. 2001), (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986). The nonmoving party must set forth, by affidavits or other admissible evidence allowed by FRCP 56, "specific facts showing that there is a genuine issue for trial." FRCP 56(e). While the facts are viewed in the light most favorable to the non-moving party,

Page 2 -   MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
503-222-9981

PDX/088240/144232/NJA/1375069.1

"[d]eference to the non-moving party does have some limit." *Petersen v. Cazemier*, 164 F. Supp. 2d, at 1222. To survive a defendant's motion for summary judgment, a plaintiff "must set forth specific facts showing that there is a genuine issue for trial," and there must be more than the "mere existence of a scintilla of evidence" to support the plaintiff's position. *Peterson, supra* (quoting FRCP 56(e) and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). Therefore, where "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Petersen, supra,* (quoting *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corporation*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986)).

As to the specific factual issues presented by this motion, "the question of . . . who is a 'seaman[]' is a mixed question of law and fact". *Chandris, Inc. v. Latsis*, 515 U.S. 368, 347 (1995). The Court defines the appropriate legal standard, and summary judgment is inappropriate only if, "applying the proper legal standard, [reasonable jurors] could differ as to whether the employee was a [seaman]". *McDermott Int'l, Inc. v. Wilander*, 498 U.S. 337, 356 (1991). Summary judgment is mandated where the facts and the law will reasonably support only one conclusion. *Wilander*, 498 U.S. at 356.

2. **The LHWCA and the Jones Act**

The Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901-950 ("LHWCA" or "Longshore Act") is a comprehensive compensation scheme applicable to workers who are injured while engaged in maritime employment. Employers subject to that act are strictly liable for compensable injuries suffered by subject employees. 33 U.S.C. 904(b). In exchange for that certain recovery, like the Oregon state worker's compensation scheme, the Longshore Act provides an exclusive remedy for the employee against his or her employer.[1]

---

[1] Plaintiff has received LHWCA benefits on behalf of Tidewater Terminal Co., which presumably explains his decision to dismiss TTC from this action.

Page 3 -   MEMORANDUM IN SUPPORT OF DEFENDANTS'
            MOTION FOR PARTIAL SUMMARY JUDGMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
503-222-9981

PDX/088240/144232/NJA/1375069.1

Moreover, the Longshore Act allows the injured maritime employee to bring "third party" actions against vessels and vessel owners **for negligence only**. 33 U.S.C. § 905(b). Those third party actions are "exclusive of all other remedies against the vessel". *Id.*

The Longshore Act provides a compensation scheme applicable to all "employees", which it defines, in part, as persons "engaged in maritime employment, including any longshoreman or other person engaged in longshoring operations" unless excluded from coverage. 33 U.S.C. § 2(3)(G). That section explicitly excludes from coverage "a member of a crew of any vessel." 33 U.S.C. § 902(3)(G) (1988). The LHWCA and Jones Act are mutually exclusive, so the terms "member of a crew" under the Longshore Act and "seaman" under the Jones Act are synonymous. *See Southwest Marine, Inc. v. Gizoni*, 502 U.S. 81, 88 (1991). If plaintiff is a seaman, his claims under the Jones Act and for unseaworthiness are proper. If he is not, as shown below, his sole remedy is that provided by the LHWCA.

"Seaman status" is decided by a two part inquiry. *Chandris v. Lastis*, 1995 AMC 1840 (1995) is the controlling Supreme Court authority. "First ... an employee's duties must contribute to the function of the vessel or to the accomplishment of its mission; Second ... a seaman must have a connection to a vessel in navigation ... that is substantial in terms of both its duration and its nature." *Id*, 515 U.S. at 368. The *substantial connection* element is both substantive and temporal. The Court further stated that "seaman status ... necessarily includes a temporal element. A maritime worker who spends only a small fraction of his working time on board a vessel is fundamentally land-based." *Id.* at 371. In essence, the Jones Act is intended to protect those workers whose employment "regularly expose[s] them to the perils of the sea." *Chandris*, 515 U.S. at 368. "[t]he Jones Act remedy is reserved for sea-based maritime employees whose work regularly exposes them to 'the special hazards and disadvantages to which they who go down to sea in ships are subjected." *Id.* at 370. Those who spend the majority of their time performing land-based duties are not exposed to those perils or entitled to the Jones Act remedy.

Page 4 -   MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
503-222-9981

PDX/088240/144232/NJA/1375069.1

The Supreme Court refined the *Chandris* inquiry and clearly stated its purpose, in *Harbor Tug and Barge Company v. Papai*, 520 U.S. 548 (1997), 137 L. Ed. 2d 800, 117 S. Ct. 1535. There, Papai received work assignments from a union hiring hall for a number of different employers. He performed maintenance work on a number of vessels owned Harbor Tug & Barge Co., over the course of several months. *Papai*, 520 U.S. at 551. His work for Harbor Tug never took him to sea, and always involved work performed while the vessel was docked. *Id.* at 559. Papai was injured while painting the housing structure of the PT. BARROW, a tug. *Id.* at 551. He sued Harbor Tug, alleging claims under the Jones Act, and the district court granted Harbor Tug's motion for summary judgment on the basis that Papai was not a seaman.

The Supreme Court ruled that summary judgment was appropriate, and rejected Papai's argument that his dockside work on Harbor Tug vessels made him a "seaman". The Court held that Papai's work on the PT. BARROW, was not work of a "seagoing nature" which would indicate a "substantial connection" with that vessel. The Court reasoned as follows:

> "[f]or the substantial connection requirement [articulated in *Chandris*] to serve its purpose, the inquiry into the nature of the employee's connection to the vessel must concentrate on whether the employee's duties take him to sea. This will give substance to the inquiry both as to duration and nature of the employee's connection to the vessel and be helpful in distinguishing land-based from sea-based employees. *Id.* at 555.

The court justified this tailoring of the "substantial connection" requirement as follows:

> Jones Act coverage is confined to seamen, those workers who face regular exposure to the perils of the sea. An important part of the test for determining who is a seaman is whether the injured worker seeking coverage has a substantial connection to a vessel or a fleet of vessels, and the latter concept requires a requisite degree of common ownership or control. The substantial connection test is important in distinguishing between sea- and land-based employment, for land-based employment is inconsistent with Jones Act coverage. *Id.* at 560.

The Ninth Circuit Court of Appeals interprets *Papai* and *Lastis* to require that, when evaluating whether a worker's connection to a vessel is "substantial", courts should "focus on whether [the worker's] duties were primarily sea-based activities." *Cabral v. Healy Tibbits Builders, Inc.*, 128 F.3d 1289, 1293 (9th Cir. 1997). In *Cabral*, the worker was only aboard the

Page 5 -   MEMORANDUM IN SUPPORT OF DEFENDANTS'
           MOTION FOR PARTIAL SUMMARY JUDGMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
503-222-9981

PDX/088240/144232/NJA/1375069.1

vessel, a crane barge, when it was moored and he was operating the crane. *Id.* The court held this work aboard a vessel could not qualify the plaintiff, a land-based worker as a seaman. *Id.*

### 3. Plaintiff is a Land-Based Maritime Employee and Not a Seaman

Plaintiff Shannon Phillips, at all times material to this case, was a maritime employee subject to the Longshore Act. Plaintiff alleges he was a "seaman" in an attempt to bring his claim under the more claimant-friendly Jones Act. *First Amended Complaint,* ¶ 3. Since plaintiff was undoubtedly engaged in maritime employment, he is an "employee" under the LHWCA, unless he falls in some exception. Since he is not a "seaman" as he alleges, he is not a "member of a crew", so that exception does not apply and plaintiff can only bring claims under the LHWCA. The undisputed facts provided by defendants' Concise Statement show Plaintiff Shannon Phillips was a land-based worker, who never slept aboard a vessel in service of TTC, and never performed any seagoing or sea-based activities. Plaintiff was employed as a tankerman, Dockman and Terminal Operator. His duties in those positions were strictly shore-based and were limited to loading and unloading of cargo, and maintenance of terminal facilities. He was never assigned as a member of any crew of any vessel, and his duties did not take him to sea. Instead, plaintiff boarded various barges after they were tied to the dock. He never assisted in the movement of vessels.

Plaintiff's alleges his shoulder injury was caused by the equipment on a vessel, but his injury is unrelated to any of the hazards faced by seamen, which justify the special remedies allowed under the Jones Act, and the warranty of seaworthiness. The alleged injury could have occurred just as readily on land. Plaintiff's duties never exposed him to the "perils of the sea." Plaintiff was not a seaman.

### 4. Plaintiff's Jones Act Claim Should be Dismissed

Plaintiff's First Claim for Relief is for negligence under the Jones Act. To recover for injuries under the Jones Act, a maritime worker must prove: (1) he was a seaman at the time he

Page 6 -   MEMORANDUM IN SUPPORT OF DEFENDANTS'
           MOTION FOR PARTIAL SUMMARY JUDGMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
503-222-9981

PDX/088240/144232/NJA/1375069.1

was injured; *and* (2) the defendant was his employer. *Cosmopolitan Shipping Co. v. McAllister*, 337 U.S. 783, 790-91 (1949). Plaintiff can make neither showing.

As discussed above, plaintiff was not a seaman. Accordingly, his Jones Act claim should be dismissed. *See Harbor Tug & Barge Co. v. Papai,* 520 U.S. 548, 560 (1997).

Additionally, plaintiff must show that the defendant is his employer within the meaning of the Jones Act. *Trentacosta v. Frontier Pacific Aircraft Industries, Inc.*, 813 F.2d 1553 (9th Cir. 1987). A seaman under the Jones Act has only one employer. *Cosmopolitan Shipping Co. v. McAllister*, 337 U.S. 783, 790-91 (1949). In determining whether a worker is an employee for Jones Act purposes, control of the worker by the purported employer is critical. *Glynn v. Roy Al Boat Management Corp.*, 57 F.3d 1495, 1499 (9th Cir. 1995). The Ninth Circuit requires the examination of four factors: (1) payment; (2) direction; (3) supervision; and (4) the source of power to hire and fire. *Id.* (citing *Matute v. Lloyd Bermuda Lines, Ltd.*, 931 F.2d 231, 236 (3d Cir. 1990).

In this case, plaintiff was not an employee of the remaining defendants. In his Amended Complaint, Plaintiff alleges he was employed by Tidewater Terminal Co. *Amended Complaint*, ¶ 9. Plaintiff does not even allege TBL is or has ever been his employer. Thus, plaintiff's amended complaint fails, as a matter of law, to sufficiently state Jones Act or Unseaworthiness claims. Plaintiff **admitted** he was, "at all times material to this litigation, an employee of Tidewater Terminal Co." (Response to Request for Admission 1). Plaintiff also admits he never received a paycheck from TBL. (Responses to Request for Admission 3). In fact, plaintiff was hired to work for TTC, and TTC had authority to fire plaintiff. TTC directed plaintiff's work, and paid plaintiff's paychecks. Plaintiff was supervised by TTC.

Plaintiff's response to Defendant's Request for Admission No. 2 shows the flawed logic that led him to sue TBL under the Jones Act. When asked to admit he was not an "employee of Tidewater Barge Lines, Inc.", plaintiff objected, then denied the request on the basis that he "performs the work of a merchant seaman for defendant Tidewater Barge Lines, Inc. and Barge 2

Page 7 -   MEMORANDUM IN SUPPORT OF DEFENDANTS'
           MOTION FOR PARTIAL SUMMARY JUDGMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
503-222-9981

PDX/088240/144232/NJA/1375069.1

within the meaning" of the Jones Act, the LHWCA and general maritime law. *Plaintiff's Response to Request for Admission No. 2*. In other words, plaintiff theorizes that merely working on a vessel makes him an employee of the vessel owner. This argument is without merit. No provision of law makes every vessel owner the employer of every longshore worker who works to discharge the vessel's cargo.

In fact, workers are not entitled to bring Jones Act claims when the workers are not "employees" of the vessel owner even though they were at work on the vessel at the time of the injury. *See, e.g. Continental Casualty Co. v. Thorden Line,* 186 F.2d 992, 994 (4th Cir. 1951) (stevedore not employed by vessel owner had no Jones Act claim); *Raines v. John I. Hay Co.,* 194 F. Supp. 706, 708 (D. Ill. 1960) (no claim for longshoreman because "Jones Act suit for negligence applies only where the relationship of employer and employee exists.") Merely working on BARGE No. 2 is insufficient to bring about an employer-employee relationship with its owner, TBL.

**5. Plaintiff's Unseaworthiness Claim Should be Dismissed.**

A vessel operator owes a duty to provide a seaworthy vessel to seamen. Vessel operators are essentially strictly liable for any injuries caused by unseaworthy conditions. With respect to longshoremen under the LHWCA, though, claims for unseaworthiness are expressly precluded by 33 U.S.C. § 905(b). "The liability of the vessel under this subsection shall not be based upon the warranty of seaworthiness or a breach thereof at the time the injury occurred." The Supreme Court construes this provision to "eliminate the shipowner's liability to the longshoreman for unseaworthiness." *Edmonds v. Compagnie Generale Transatlantique,* 443 U.S. 256, 262 (1979).

As shown above, there is no genuine issue of material fact but that plaintiff was a maritime "employee" subject to the LHWCA. Thus, there is no genuine issue of any material fact but that his unseaworthiness claim should be dismissed as a matter of law.

Page 8 -    MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
503-222-9981

PDX/088240/144232/NJA/1375069.1

## 6. Negligence and General Maritime Negligence.

Plaintiff's allegations of General Maritime Negligence and Negligence are redundant and out-of place. First, as discussed above, the **negligence** remedy provided under 33 U.S.C. § 905(b) is, by its terms, exclusive, so plaintiff, who was a land-based maritime employee is not entitled to pursue these common law claims.

Moreover, even if plaintiff could be a seaman, neither the general maritime negligence claim nor the negligence claim is available. The Jones Act was enacted **because** the general maritime negligence remedy was unavailable to a seaman against his employer. *Chandris, Inc. v. Latsis,* 515 U.S. 347, 386 (U.S. 1995) ("The Jones Act was passed to overturn the harsh rule of *The Osceola*, 189 U.S. 158, 23 S. Ct. 483 (1903), 47 L. Ed. 760, which disallowed any recovery by a seaman for negligence of the master or any member of the crew of his ship under general maritime law.") Similarly, in actions under the Jones Act, substantive federal law, not state law, applies. Thus, the Court should dismiss plaintiff's Fourth and Fifth Claims for Relief.

## 7. The Oregon Employer's Liability Act.

The Oregon Employer Liability Act ("OELA") provides that an employer must use "every device, care and precaution which it is practicable to use for the protection and safety of life and limb." ORS §654.305 (2005). Where a third party exercises a specified degree of control over the work causing the injury, the OELA permits actions against parties who are not the employee's immediate employer. *Tallmon v. Toko Kaium K.K. Kobe,* 278 F. Supp. 452, 454 (D. Or. 1967). Plaintiff's Sixth Claim for Relief attempts to invoke the "highest duty of care" imposed by the OELA. Contrary to OELA claims, Section §905(b) claims do not impose the "highest duty of care." Instead, shipowners owe longshore workers a duty to exercise reasonable care under the circumstances. *Scindia Steam Navigation Co. v. de los Santos,* 451 U.S. 156, 166-67, 1981 AMC 601 (1981).

No binding authority requires this Court to recognize the OELA in this context. Two Oregon District court cases have held that the OELA is inapplicable as to §905(b) actions: *Birrer*

Page 9 -   MEMORANDUM IN SUPPORT OF DEFENDANTS'
           MOTION FOR PARTIAL SUMMARY JUDGMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
503-222-9981

PDX/088240/144232/NJA/1375069.1

v. *Flota Mercante Grancolomiana*, 386 F. Supp. 1105 (D. Or. 1974); and *Croshaw v. Koninklijke Nedlloyd*, 398 F. Supp. 1224 (D. Or. 1975). In *Birrer*, a longshoreman brought an OELA claim against the shipowner after he was injured by an improperly secured ladder on the vessel. 386 F. Supp. at 1107. The court dismissed the OELA claim and its analysis clearly shows why this Court should dismiss plaintiff's OELA claim. The court first noted that the general maritime law requires uniformity. 386 F. Supp. at 1108 (*citing Southern Pacific Co. v. Jensen*, 244 U.S. 205 (1917) (*quoting The Lottowanna*, 88 U.S. (21 Wall.) 558, 575 (1875)). The Court then recognized that the 1972 amendments to the LHWCA removed the strict liability unseaworthiness basis of recovery against a shipowner. 33 USC § 905(b). The Court quoted extensively from the legislative history of §905(b) showing that Congress intended potential liability of vessels as third parties to be based on negligence, rather than no-fault concepts. *Birrer*, 386 F. Supp. at 1112; *Croshaw*, 398 F. Supp. at 1227; S.Rep. No. 1125, 92 Cong., 2d Sess. 102. Finally, the court noted that the authority supporting application of the OELA to a Longshore Act case had been effectively, if not explicitly, overruled by later Supreme Court precedent.[2]

In short, the LHWCA strikes a deliberate compromise between longshoremen and shipowners, and requires the longshoreman show **negligence** to recover from a shipowner. A stricter standard would be contrary to Congress' intent. *Birrer*, 386 F. Supp. at 1112; *Croshaw*, 398 F. Supp. at 1227. Under the reasoning employed *Birrer* and *Croshaw*, plaintiff may not use

---

[2] Only one superseded case, *Hess v. United States*, 361 U.S. 314 (1960), would support the importation of the OELA into the maritime context. That case, though, is not persuasive authority. It was decided prior to the Supreme Court's recognition of a general maritime wrongful death remedy, and state statutes were permitted to define substantive maritime principles. Since the *Hess* decision, the Supreme Court recognized the need for uniform wrongful death principles and created a maritime right to recover from wrongful death, ending its reliance on state death laws. *Morange v. States Marine Lines*, 398 U.S. 375 (1970); *see also Birrer*, 386 F. Supp. at 1109 (discussing the limited importance of *Hess*). In *Morange*, the Court overruled *The Harrisburg*, 119 U.S. 199 (1886), and recognized a general maritime right to recover for wrongful death, thus obviating the reliance on state law allowed in *The Harrisburg*. Thus, the Court expressly departed from the very doctrine on which the *Hess* Court relied in importing the OELA into its analysis.

Page 10 - MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
503-222-9981

PDX/088240/144232/NJA/1375069.1

the OELA to increase the standard of care owed by TBL. Plaintiff's Sixth Claim for Relief should be dismissed.

## CONCLUSION

Plaintiff was a longshoreman, a land-based maritime worker, and not a seaman. Thus, the LHWCA and other maritime law restricts the claims he can make to that authorized by 33 U.S.C. § 905(b). Plaintiff's First, and Third, Fourth, Fifth and Sixth Claims for Relief are inconsistent with the indisputable material facts and only serve to confuse the legal issues. The Court should enter an Order of Partial Summary Judgment dismissing all but Plaintiff's Second Claim for Relief.

Dated this 22nd day of December, 2005.

Respectfully submitted,

Schwabe, Williamson & Wyatt, P.C.

By:   s/ Noah Jarrett
      Daniel F. Knox, OSB #78278
      Noah Jarrett, OSB #99448
      Of Attorneys for Defendants

Page 11    MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
503-222-9981

PDX/088240/144232/NJA/1375069.1

Timothy J. Jones, OSB No. 89065
Shay S. Scott, OSB No. 93421
E-mail: tjones@hk-law.com
HAGLUND, KELLEY, HORNGREN, JONES & WILDER LLP
101 SW Main Street, Suite 1800
Portland, Oregon 97204-3226
Phone: (503) 225-0777
Facsimile: (503) 225-1257

   Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| SHANNON PHILLIPS,<br><br>   Plaintiff,<br><br>   v.<br><br>TIDEWATER BARGE LINES, INC., an Oregon corporation; and BARGE 2, including her valves, pumps and equipment,<br><br>   Defendants. | In Admiralty<br><br>Civil No. CV 05 1157 ST<br><br>PLAINTIFF'S RESPONSE TO DEFENDANTS' FIRST REQUEST FOR ADMISSIONS<br><br>By Plaintiff |

Plaintiff responds to Defendants' First Set of Requests for Admissions as follows:

**REQUEST FOR ADMISSION NO. 1.:** Please admit Plaintiff was, at all times material to this litigation, an employee of Tidewater Terminal Co.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 2.:** Please admit Plaintiff has never been an employee of Tidewater Barge Lines, Inc.

Page 1 -   PLAINTIFF'S RESPONSE TO DEFENDANTS' FIRST REQUEST FOR ADMISSIONS

EXHIBIT ____
PAGE ____

HAGLUND KELLEY HORNGREN & JONES LLP
ATTORNEYS AT LAW
ONE MAIN PLACE
101 SW MAIN STREET, SUITE 1800
PORTLAND, OREGON 97204-3226

F:\TJJ\Phillips, Buck\Plaintiff's Response to Def's Admissions.wpd

RESPONSE: Plaintiff objects to the concept of employment in this request as ambiguous, but otherwise deny. In performing the work of a licensed tankerman aboard defendant Tidewater Barge Lines, Inc.'s fleet of vessels, including Barge 2, plaintiff performs the work of a merchant seaman for defendant Tidewater Barge Lines, Inc. and Barge 2 within the meaning of the Jones Act, 33 U.S.C. § 688, the Longshore Harbor Workers' Compensation Act, 33 U.S.C. § 905(b), and general maritime law.

REQUEST FOR ADMISSION NO. 3.: Please admit Plaintiff has never received a paycheck from Tidewater Barge Lines, Inc.

RESPONSE: Admit.

REQUEST FOR ADMISSION NO. 4.: Please admit Plaintiff received benefits under the Longshore and Harbor Workers' Compensation Act with regard to the injuries alleged in Plaintiff's Complaint.

RESPONSE: Admit that plaintiff has received benefits under the Longshore and Harbor Workers' Compensation Act with respect to his employment with Tidewater Terminal Co., but deny that plaintiff has received compensation from defendants for any of the claims set forth in the Complaint.

: : :

: : :

: : :

Page 2 - PLAINTIFF'S RESPONSE TO DEFENDANTS' FIRST REQUEST FOR ADMISSIONS

EXHIBIT 1
PAGE 2

HAGLUND KELLEY HORNGREN & JONES LLP
ATTORNEYS AT LAW
ONE MAIN PLACE
101 SW MAIN STREET, SUITE 1800
PORTLAND, OREGON 97204-3226
F:\TJJ\Phillips, Buck\Plaintiff's Response to Def's Admissions.wpd

**REQUEST FOR ADMISSION NO. 5.:** Please admit Plaintiff received the full amount of LHWCA benefits to which he is entitled with regard to injuries alleged in his Complaint.

**RESPONSE:** Deny.

DATED this 3rd day of ~~September~~ October, 2005.

HAGLUND, KELLEY, HORNGREN, JONES & WILDER LLP

By: _____
Timothy J. Jones, OSB No. 890658
Shay S. Scott, OSB No. 93421
Telephone: (503) 225-0777
Attorneys for Plaintiffs

Page 3 -  PLAINTIFF'S RESPONSE TO DEFENDANTS' FIRST REQUEST FOR ADMISSIONS

HAGLUND KELLEY HORNGREN & JONES LLP
ATTORNEYS AT LAW
ONE MAIN PLACE
101 SW MAIN STREET, SUITE 1800
PORTLAND, OREGON 97204-3226

EXHIBIT 1
PAGE 3

F:\TJJ\Phillips, Buck\Plaintiff's Response to Def's Admissions.wpd