UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

SHANNON PHILLIPS,

                Plaintiff,

    v.

TIDEWATER BARGE LINES, INC., an Oregon corporation; and BARGE 2, including her valves, pumps, and equipment,

                Defendants.

No. CV 05-1157-ST

OPINION AND ORDER

**MOSMAN, J.,**

    Plaintiff Shannon Phillips is suing defendants Tidewater Barge Lines ("TBL") and Barge No. 2 for injuries he sustained while working on Barge No. 2 as a Tankerman. Mr. Phillips asserted claims for Jones Act negligence, breach of duty under the Longshore Harbor Workers Compensation Act ("LHWCA"), unseaworthiness, general maritime negligence, state common law negligence, as well as violations of the Oregon Employer Liability Act ("OELA"). Defendants moved for summary judgment on all but the LHWCA claim, asserting (1) Mr. Phillips is not a "seaman" under the Jones Act, (2) TBL is not Mr. Phillips' employer under the Jones Act, and (3) the remainder of the claims are otherwise inapplicable. Mr. Phillips cross moved for summary judgment regarding his seaman status under the Jones Act.

    On March 21, 2006, Magistrate Judge Stewart issued a Findings and Recommendation

PAGE 1 - OPINION AND ORDER

("F&R") (#31) concluding there is a question of fact regarding whether Mr. Phillips is a seaman and thus recommended both motions be denied as to that issue. However, she also concluded TBL is not Mr. Phillips' employer under the Jones Act and recommended granting defendants' motion on the Jones Act claim. Likewise, she recommended granting defendants' motion on the common law negligence claim as to defendant Barge No. 2 and on the general maritime negligence claim as to both defendants. Otherwise, she recommended denying defendants' motions. Both parties made timely objections. Mr. Phillips objects to some of the magistrate's factual findings, as well as to her recommendation that the Jones Act claim be dismissed on the basis that TBL is not his employer. Defendants object to the magistrate's conclusion that there is a question of fact regarding whether Mr. Phillips is a "seaman" and to her recommendation that defendants' motion as to the unseaworthiness and common law claims against TBL and the OELA claim be denied.

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the magistrate's recommendations, but retains responsibility for making the final determination. The court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

After conducting the appropriate review, I agree there is an issue of fact regarding whether Mr. Phillips is a "seaman" under the Jones Act, and I agree with the F&R as to the

PAGE 2 - OPINION AND ORDER

unseaworthiness, maritime and state-law negligence, and OELA claims. However, I reject the magistrate's conclusion that TBL is entitled to summary judgment on the issue of its status as Mr. Phillips' employer, and therefore, I reject the recommendation to grant defendants' motion on the Jones Act claim. Finally, there are a couple of factual errors in the F&R. Thus, I ADOPT IN PART WITH MODIFICATIONS AND DECLINE TO ADOPT IN PART the F&R (#31).

    1.)    <u>Judge Stewart's Factual Findings</u>

For the most part, the parties do not dispute Judge Stewart's factual findings. However, Mr. Phillips has three specific objections. First, he argues the finding that loading and offloading the barge "lasted anywhere from 3.5 to 4.0 hours," F&R at 6, is clearly erroneous as the evidence establishes it takes from 3.5 to 14.0 hours. Pl.'s Obj. at 6. Defendants concede the state of the evidence. Def.'s Resp. to Pl.'s Obj. at 5. Second, Mr. Phillips points out the magistrate erred in finding that TBL is the subsidary of Tidewater Terminal Company ("TTC"), instead of the other way around. Pl.'s Obj. at 7. Again, defendants concede this was in error. Def.'s Resp. to Pl.'s Obj. at 5. The final factual objection relates to whether Mr. Phillips is a "seaman" under the Jones Act. Because I agree with the magistrate's ultimate conclusion on this issue, this is not addressed further.

    2.)    <u>TBL's "employer" status under the Jones Act</u>

In analyzing this issue, the magistrate identified the correct legal standard. However, she ultimately concluded "there is no evidentiary basis for concluding that [Mr.] Phillips was employed by TBL." F&R at 19. Mr. Phillips objected, arguing the magistrate ignored specific evidence showing TBL exercised control over him while he was a Tankerman. Pls.'s Obj. at 8. Mr. Phillips' objection is well taken. The magistrate rejected Mr. Phillips' assertion that TBL

PAGE 3 - OPINION AND ORDER

exercised control over him on the basis that TBL submitted contrary evidence. This may be true, but Mr. Phillips has submitted specific evidence suggesting he was subject to TBL's control when working as a Tankerman, including evidence that TBL established the Tankerman certification standards and work procedure guidelines applicable to all employees working on TBL's barges, regardless of whether they were officially employed by TBL or TTC. *See* Phillips Decl., Ex. E at 70 ("The purpose of this document is to outline company requirements, which satisfy U.S. Coast Guard licensing requirements, for the training and qualification of Tankermen Persons-In-Charge (PIC) handing dangerous liquids (DL). *Applies to all Tankermen working within [TBL] and [TTC].*") (emphasis added); *see also, e.g., id.* at 6 (stating TBL's operating procedures and policies govern barge activities).

The magistrate also concluded Mr. Phillips' factual allegations relating to payment were insufficient to create an issue of fact. Again, I disagree. Mr. Phillips alleges that not only did TBL reimburse all his travel expenses associated with working as a Tankerman, but he was also required to keep meticulous records of his time as a Tankerman because payment for those services was passed on directly to TBL. Payment is a key factor under Ninth Circuit law for determining who is an employer. *Glynn v. Roy Al Boat Mgmt. Corp.*, 57 F.3d 1495, 1499 (9th Cir. 1995). And taken together, these allegations create an issue of fact regarding who was actually paying Mr. Phillips for his Tankerman services. Thus, viewing the evidence in the light most favorable to the non-movant, Mr. Phillips, I find that he has produced sufficient evidence to defeat summary judgment on the issue of whether TBL was his employer while he worked as a Tankerman on TBL's barges. *Trentacosta v. Frontier Pac. Aircraft Indus., Inc.*, 813 F.2d 1553, 1558 (9th Cir. 1987).

PAGE 4 - OPINION AND ORDER

3.)   OELA claim

Defendants moved for summary judgment on this claim arguing it is preempted by the LHWCA. The magistrate, working on the assumption that the LHWCA as opposed to the Jones Act applies in this case, found the issue was premature for resolution and recommended denying summary judgment. In light of this opinion, it is no longer clear whether the LHWCA or the Jones Act applies. Thus, I agree that whether or not this claim is preempted by the LHWCA is premature.

For the foregoing reasons, I ADOPT IN PART WITH MODIFICATIONS AND DECLINE TO ADOPT IN PART the magistrate's F&R (#31). Defendants' motion for partial summary judgment (#12) is GRANTED IN PART AND DENIED IN PART. Mr. Shannon's cross motion for partial summary judgment (#20) is DENIED.

DATED this   16th   day of June, 2006.

                                      /s/ Michael W. Mosman
                                      MICHAEL W. MOSMAN
                                      United States District Court